UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| F.S.C.C. INC. D/B/A FIRST STEPS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No.<br><br>**PETITION TO QUASH SUMMONS** |

F.S.C.C. Inc. d/b/a First Steps with its principal place of business at 1672 State Route 35, Middletown, New Jersey 07748 by way of Petition against the respondent says:

### JURISDICTION

1. The Court has jurisdiction of this action under 26 U.S.C. § 7609(h) and 7402.

2. The person summoned in count 1 resides within this District.

### VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. § 7402.

4. The petitioner resides in this District and respondent in the United States of America, and the Summons at issue, a copy of which is attached as Exhibit A, originated from, and is returnable to, the Internal Revenue Service, Large Business and International Division in Springfield, New Jersey.

### PARTIES

5. Petitioner, F.S.C.C. Inc. d/b/a First Steps is a New Jersey Corporation located at 1672 State Route 35, Middletown, New Jersey 07748.

6. The petitioner is a taxpayer to whom the Summons relates and to whom the records that being sought pertain.

## COUNT ONE

7. The summons issued on the 8th day of December, 2011 by Revenue Agent Malgorzata Leuszkiewicz to Roger J. Skula, CPA, Union, New Jersey is not enforceable because the summoned party was employed by petitioner to advise it regarding its tax compliance and filing obligations, and any communications between Mr. Skula and the Petitioner are privileged under the accountant-client privilege recognized by 26 U.S.C. § 7525 which confers a privilege on tax advice in the form of confidential communications between a taxpayer and any federally authorized tax practitioner to the same extent that such communications would be protected between a taxpayer and an attorney.

8. Additionally, the summons does not meet the criteria of 26 U.S.C. § 7602(d) and *United States v. Powell*, 379 U.S. 48 (1964) because it was issued contrary to Internal Revenue Service procedures and for an improper purpose by the Large Business and International Division ("LB&I"). LB&I audits taxpayer entities with over $10,000,000 in asset value. Entity taxpayers with under $10,000,000 in asset value are examined by the IRS' Small Business/Self-Employed ("SB/SE") Division. The Petitioner is a corporation with approximately $2.5 million in assets and is outside of the LB&I Division's jurisdiction. Nonetheless, the LB&I Division is pursuing an audit of the petitioner's business and has declined to explain why the Petitioner meets the LB&I audit criteria.

WHEREFORE, the petitioners demand that this summons be quashed.

9. Paragraphs 1 though 6 of the Petition are incorporated herein by reference in full as if set forth herein at length.

10. The summons issued on the 30th day of November, 2011 by Revenue Agent Malgorzata Leuszkiewicz to F.S.C.C. Inc. d/b/a First Steps, 1672 State Route 35, Middletown,

New Jersey 07748 is not enforceable because it is in violation of 26 U.S.C. § 7525 and does not meet the criteria of 26 U.S.C. § 7602 and *United States v. Powell,* 379 U.S. 48 (1964).

SILLS CUMMIS & GROSS

One Riverfront Plaza
Newark, New Jersey 07102
973-643-7000
Attorneys for Petitioner

By: _____
ROBERT J. ALTER

Dated: December 21, 2011